69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul N. KUDERER; Lavaughn Kuderer, Plaintiffs-Appellants,
v.
FARMERS HOME ADMINISTRATION; David C. Nicholson,
Defendants-Appellees.
 No. 94-35482.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 18, 1995.*
Decided Oct. 24, 1995.
 
 Before: WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Paul N. and LaVaughn A. Kuderer brought this action, pro se, against the Farmers Home Administration (Administration) and David C. Nicholson, the District Director in the Administration's Clackamas district office. Their complaint alleges numerous constitutional, statutory, and common law violations arising from their dealings with the Administration and the foreclosure of their farm in 1987. The district court entered summary judgment and dismissed the action. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We review a district court's summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). We review a dismissal for failure to state a claim de novo. In re Wells Fargo Securities Litigation, 12 F.3d 922, 925 (9th Cir.1993). We affirm.
 
 
 2
 This is the fifth suit the Kuderers have brought against the Administration. In 1987, the Administration bought the Kuderers' farm at a private foreclosure sheriff's sale to protect its junior secured interest resulting from two loans made to the Kuderers in 1979. In December 1987, the Kuderers brought an action in federal court to quiet title in the farm; the district court found for the government. Kuderer v. United States, Civ. No. 87-1414-FR (D.Or. June 1, 1990). In 1990, the Kuderers filed two suits in state court against the federal officials connected with the Administration's loans to them. Both suits were removed to federal court and were there dismissed against all the named federal defendants for failure to state claim. Kuderer v. Agri-Credit Corp., Civ. No. 90-1027RE (D.Or. Feb. 26, 1991). In 1991, the Kuderers again brought an action against the Administration, Administration officials, and the Administration's Regional Attorney in the Office of the General Counsel, alleging numerous statutory and constitutional violations stemming from the 1979 Administration loans. The district court dismissed the action because of insufficient service of process, res judicata, failure to state a claim, and sovereign immunity. Kuderer v. Farm Home Administration, Civ. No. 91-6300-JO (D.Or. Jan. 14, 1992).
 
 
 3
 The Kuderers raise essentially the same allegations of fraud, conspiracy, violations of lending laws, and deprivation of constitutional rights as they have in their previous actions. The district court correctly dismissed this action. If this is an action against Nicholson in his private capacity, it is barred by insufficient service of process and the statute of limitations. As sovereign immunity precludes a constitutional claim against an individual acting in an official capacity, Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1984), the Kuderers do not state a cognizable claim for the deprivation of their constitutional rights against Nicholson in his official capacities or the agency for which he works.
 
 
 4
 The Kuderers' various allegations of fraud, conspiracy, and violations of the Truth in Lending Act, Credit Control Act, Farm Credit Act, breach of contract, breach of fiduciary duty, as well as violations of 42 U.S.C. Secs. 1983, 1985, and 1986 have all been previously litigated and are now barred by res judicata. The additional claims the Kuderers now make, such as violation of the Fair Debt Collection Practices Act and Agricultural Credit Act, arise from the same nucleus of operative facts upon which the previous actions were based. Res judicata precludes the Kuderers from raising them now. Brown v. Felson, 442 U.S. 127, 131 (1979), citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940).
 
 
 5
 AFFIRMED.
 
 
 6
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4